Do we have both counsel present today? Thank you. And we have for the appellant, Attorney Rutherford, and I understand you would like to reserve three days of your time for the appellant, Attorney Rutherford. Three minutes for rebuttal, is that right? Yes, Your Honor. Okay. Please proceed. Honorable members of the panel, my name is Jack Rutherford and I represent Plaintiff Appellant Maria Solange Ferrarini. May it please the Court. Plaintiff Ferrarini created and published an original work of art in 1998, selling copies and derivative works ever since from the beaches of Trancoso, Brazil. In 2012, defendants at Belize obtained a signed copy of Ms. Ferrarini's work. They took images of this work and sent them to a manufacturer to mass-produce virtually identical knockoffs, bikini design. In an attempt to insulate their clear infringement against question, defendants then applied for a copyright registration in the infringing work. That registration was December 2014? That's correct, Your Honor. Okay. Your client filed February 17, 2019? We filed our copyright infringement claim in June of 2019. No, no, no, no. With the Copyright Office, you filed your claim to a copyright. February 17, 2019. We filed our registration in 2000. It's effective as of June 2018, Your Honor. June 2018. June 2018 is the effective date of the registration. And I'm sorry, just to clarify the date, the effective date as opposed to the date of the filing, could you just clarify that? The effective date for a copyright registration is actually the date you filed it if they issued it. I see. In response to plaintiff's suit for copyright infringement, defendants did not challenge plaintiff's copyright registration. They did not contest her ownership in that registration, and they did not claim the defense of independent creation. Did you contest hers in 2014? What we did, Your Honor, was we questioned the validity of that 2014 registration, saying…  We questioned that in our complaint, Your Honor. In 2019? Yes, but by questioning… So you asserted ownership of your own in 2019, five years after she filed? No, Your Honor. We have had ownership of our copyright since 1998. Copyright attaches… Oh, I understand that. I understand that. But, okay, go ahead. You're right. Go ahead. We have published continuously from Brazil, signing our name in each work that we produce. We have maintained our copyright since 1998, Your Honor. It has not gone anywhere else. What defendants registered was their infringing article. They did not register, and they could not register a copyright in our work of art. Our work of art was created in 1998. We're essentially talking about two separate works here. We're talking about the 1998 original work of authorship that was infringed by a work created in 2012 and then registered in 2014. Defendants have taken Ms. Ferrarini's allegations of sole authorship over her 1998 copyright, combined them with our allegations of their bad behavior, and said we're contesting ownership and that, therefore, the accrual rule between co-authors applies to bar our infringement claim. Well, because ownership is in controversy here. Respectfully, Your Honor, ownership is not in controversy. Ownership over our 1998 copyright, which we secured in 1998 when we created it and published it, we have owned that copyright since 1998. But I thought that is in dispute. I thought they don't – you're saying that they agree with that? In their answer, Your Honor, they said they have insufficient knowledge to affirm or deny ownership, our ownership, in our copyright. They've asserted that you don't own it. They do not, Your Honor. They cannot assert that we do not own our copyright. Well, wait just a second. Wait just a second. Because in their answer to the complaint, they specifically allege that. There is no evidence of it. I'm reading from Joint Appendix 272. Defendant – this is the affirmative defenses. Six, defendants are the sole owners of the copyright at the issue Bikini Design. Affirmative defense seven, the Ferrarini Bikini Design is not entitled to protection under the Copyright Act. That's directly contrary to what you just said. Respectfully, Your Honor, the defendants have conflated the 2014 registration certificate and their infringing work, which is a virtually identical knockoff, with our 1998 copyright. We are citizens of Brazil. We do not have to register when we first publish in the United States. I understand that. So our copyright has existed since 1998. But you would agree with me that the statute says that when the issue is ownership, you have to bring your claim of contested ownership within three years. Yes, Your Honor, but there is no contest over the ownership of our copyright. They have something else. Okay. They claim to have. They cannot claim ownership. Hang on a second. Okay. I'm looking at the same page Judge Wesley was just referring to, 272. They say defendants independently created the at issue Bikini Design. So it seems to me that they are very much disputing the point. I mean, I understand you characterizing your arguments, but it seems to me that they don't agree with your characterization of their arguments, their position. Well, they've also mischaracterized our arguments, Your Honor. This is the problem. They have conflated. Well, we're not going to mischaracterize each other. We can't go tit for tat. Allow me to use an example. Imagine the blurred lines case. Pharrell and Robin Thicke used music that is identical to that copyrighted by Marvin Gaye. Gaye's heirs allege ownership of the music as required by their infringement claim. We're required to allege ownership and sole ownership as part of our infringement claim. Imagine the blurred lines case. Under the district court ruling in this case, that becomes an ownership dispute simply because Pharrell and Robin Thicke used music that was almost identical. No, not when ownership is not disputed. Many times in copyright cases, the claim is that it doesn't infringe. That's like the My Sweet Lord case with George Harrison. Indeed, and under the district court's case in our case, Your Honor, the My Sweet Lord case becomes, by turns, becomes an ownership dispute. They have submitted no evidence that we do not own our 1998 copyright. Independent creation is a separate defense to infringement, which they are allowed to plead and prove at the trial court level should the evidence support it. But there is simply not a scintilla of evidence in this record. Well, don't they say defendants are the sole owners of a copyright in the at issue bikini design? And isn't – I would suggest that there's agreement that there's only one bikini design at issue. No, Your Honor, there is not. There are two designs. Well, you may be – you might be able – I suppose you could establish that. Did you counter that these are two different designs? Yes, Your Honor, we have always – Did you argue that to the judge? We did not get argument in front of the judge on the motion for summary judgment, Your Honor. All right, so you didn't argue. Did you put it in your papers that these are two distinct designs and so, therefore, they're separate creations? Yes, Your Honor, we have consistently held that these are separate designs. They cannot, by independently making something else, subsume our rights. Do you have a record reference? Could you have a record reference where you make – I'm not saying you didn't. I'm just wondering that you did. I will – I think we did it in the motion to dismiss papers, Your Honor, and again in the motion for summary judgment. We have never conflated these two designs. We have consistently said that we have our design and Ms. Ferrarini copyrighted something separate. Whether that is a valid copyright is not an issue for this court. But you claim it infringes. I'm sorry, Your Honor? You claim it infringes. Yes, an infringement, a copyright registration, you have to prove ownership of your copyright, which we did. There is no dispute in the record. There's not a piece of evidence in the record that shows we do not own our copyright and our original design, which we created in 1998. I completely understand that, but the question is whether your claim is timely or not and whether ownership becomes an element of your claim. There is not – ownership is not an element of this claim, Your Honor, because we have proven ownership through our – we have proven ownership. It's definitely an element of your claim. You're just saying you don't have to prove. Correct, Your Honor. Okay. Yes. And if – what has happened in this case is the defendant has – I know you've come a long way, Ms. Rutherford, but if you slow down, we'll get through this together, okay? I'm sorry, Your Honor. I'm sorry. I know you worked up – and there's – these are tough facts, not necessarily for you, but there's some tough facts that your opponent is going to have to answer for. But you and I agree that ownership is an element of your claim. Ownership is an element of every copyright infringement claim. It's the first element that every author must prove. All right. And sometimes those elements – the ownership element is not contested. Sometimes the ownership element is not contested. Like in the Williams case, the illegitimate daughter of Hank Williams. There's no doubt – the question is whether she was or was not his child. The question wasn't the ownership of the rights to the Williams songs, correct? Correct. Okay. And sometimes ownership – And so, therefore, one may be untimely, but a later one might be timely. And so the fact that one can't be brought doesn't mean that a later one can't be brought. It doesn't go to the substantive right to bring the later one. Absolutely correct, Your Honor. Under Stone, in this case, should we – should the ownership claim, which we do not agree that there is, but should the ownership claim be time-barred, the infringement claims are indeed timely. There is a separate accrual test for infringement claims, and the district court in this case applied the accrual test as between co-authors and co-owners. The reason that ownership claims end between co-authors and co-owners once one has repudiated the ownership of another is because they created that work together. Defendants have not cited a single case in which the ownership claim was brought between strangers to one another. A stranger to one other stranger cannot repudiate that stranger's ownership in their original copyright. I see my time is up. Thank you, Your Honor. Okay. And you've reserved three minutes for rebuttal, so we'll be back. Why don't we hear from Attorney Berman? Yes. Good morning, Your Honor. Mark A. Berman on behalf of the defendants. So the issue on appeal is whether the district court was mistaken in concluding that the plaintiff had failed to point to evidence in the record which gave rise to a genuine dispute as to whether the plaintiff knew as early as 2014 that there was a claim by defendants, by my clients, that they had created this bikini design. Why 2014? What happened in 2014? So the record is that, first of all, the plaintiff admitted at her deposition that she was aware in 2013 or 2014. Well, she's aware of the bikini, but she's not aware of the fact that your client's claiming ownership of the design. She's aware of the fact that somebody's copying her bikini, but she's not aware of the fact. So infringement doesn't create an ownership, doesn't – infringement doesn't necessarily signal a counterclaim with regard to ownership, does it? So not necessarily, but the evidence in this case, when you put it all together as the district court did, gives rise to that conclusion. So when do we – when is the first time that we know that Ms. – I don't want to mispronounce your name – Ferrerini? I believe it's pronounced Ferrerini. Ferrerini. Okay. Ms. Ferrerini knew that someone else was making a claim to be the creator of the bikini. Certainly no later than her November 8, 2015 Facebook post when she says in so many words – That's where she uses the word creator, right? Correct. And bikini is claiming to be the creator. So certainly no later than that date. Okay. Before that date, there were other facts that persuaded the district court judge. One, Ms. Ferrerini – this isn't necessarily in chronological order, but predates that Facebook post in 2015 – Ms. Ferrerini reached out directly to Ms. Ergeet via Facebook message and said, You're claiming – I'm not quoting her, but essentially that you're claiming ownership of this design. Wait a minute. Is that the September 28, 2014 post? Yes. I didn't see anything there that was comparable to the 2015 assertion that you're the creator. I thought that the September 28 post said it is a perfect copy of my creation. They should be ashamed of taking advantage of another person's work. That's what I call a lack of creativity. I read that as certainly alleging some sort of infringement, but I didn't see that as an acknowledgment on the part of Ms. Ferrerini that there was a rival claim to have been the creator. And I would submit, Your Honor, that's a fair characterization. And that's why I started where I started, because certainly by November 8, 2015, Ms. Ferrerini, in her own words, is acknowledging that she's aware that Ms. Ergeet is claiming to be the creator. And that's when she says, Lack of greater respect, now Bikini saying creator of bikinis. And that would be the basis for your assertion that as of the time of the November 8, 2015 post, Ms. Ferrerini was acknowledging that the bikini people, Ms. Ergeet, your client, was claiming to be the creator of that item. Correct, Your Honor. And I was going to go through the other evidence that essentially corroborates the fact that Ms. Ferrerini knew about it. She knew that they were out there. And then it leads up to that 2015 post where she uses— Well, you knew that Ms. Ferrerini was out there. You didn't sue her or, of course, you had to pursue her down in Brazil, I guess. But you've known that she's around for a long, long time. And you filed in, what, 2014, I think. So you knew that this bikini was out there, at least in Brazil. Your client did. But you haven't sued her. And what's interesting is that you didn't counterclaim for infringement against her. So, Your Honor— Because curiously, you might be outside the three-year statute too. That's what I was going to say, Your Honor. So it may well be if that were true. So you've got this kind of standoff between the two of you as between the two of you both making claims of ownership. Neither one can sue the other to establish—that seems like an incredibly odd result to me. Well, it might be. I guess one can characterize it. But it's the result that Congress intended. And it makes sense in general. So now let me ask you, there's a third party that creates another similar bikini and starts marketing it. And both of you sue them. Do you end up litigating who actually owns the bikini based upon that infringement? And such that you'd ultimately get a result that would determine as between the two of you? So I can't say that I thought that far down the road. But there's another factor— I've got to believe your client's going to defend—well, she's assigned it to Keeney, and Keeney's in this lawsuit. But I've got to believe that they're defending it. They've gone head-to-head with Victoria's Secret and others. So, Your Honor, this is what I'm about to say. It's not part of the record. There's a fashion industry element here, which is designs are popular, and then they fade in popularity. Oh, so it's no longer hot. There's an element there as to whether. So I will submit that it's not part of the record, but that's part of what's going on. I mean, it creates this very odd situation because this is not a substantive determination of her ownership or non-ownership. There's no substantive determination of who owns this copyright. Correct, and it might be that we live in a universe. But let me start here. I believe—and I believe this is part of the record—that even before Ms. Farrini learned about Mr. Geith, there were other people copying that design. That's what happens in the fashion industry. And so it may well be that we live in a world—and there are copies out there now of other companies, including—we've addressed this in our brief that's part of the record—including the attorney who found Mr. Rutherford to represent Ms. Farrini. His wife had been sued by my clients, and that's sort of what gave rise to this. But we may well live in a world where this is just a free-for-all design that anyone can copy. But again, what I would say about that is that's what Congress intended by putting a three-year statute of limitations on ownership claims. There's all the reasons which we put in the brief, quoting the Supreme Court as to why that statute of limitations exists. Statute of limitations in general exists, fairness to defendants. But in this instance, with copyrights, there may well have been commercial reasons that Congress imposed that statute of limitations, which is the business—the world of business has to go on. So each time that you sell one of your bikinis, one of your clients' bikinis, it's a potentially new infringement with regard to her claims of ownership? No, it's not. Why not? Because the statute of limitations—in order to prove infringement, the first element is ownership. In order to prove ownership, you have to bring back ownership claim within three years. Well, let me go back to a question I asked you just before this. I asked you if this was a substantive determination of your respective ownership rights in the copyright, and you said no. Is this case—you asked me if this case is— This case, because it's dismissed as untimely. Correct. So it's not a determination that she doesn't own it. So tomorrow, based upon her sales of a similar bikini or for bikini sales of this bikini tomorrow, she could sue you again for infringement and say, I own the copyright, and this is an infringement, and I'm bringing it within three years of knowing it. Or is she forever banned because she knew a long time ago? I don't believe she could because it would be res judicata. So she's banned because of the fact that she's known it since 2015? Correct. All right. And if your honorees have no further questions, I will— No, thank you. Thank you. While we hear from your opponent, we have set aside three minutes for rebuttal. And I think, yes, the clock is set to three minutes. Very good. If I may, Your Honor, that's precisely the problem. We can sue again for infringement. They're infringing— Not as to her. Yes. Well, because you've been aware of her infringement since—well, according to the judge, since 2015. Yes, but the infringement accrual period accrues anew with each claim of infringement. There must be one act of infringement within the past three years of filing suit in order for the— That's true, but you became aware of your ownership conflict a long time ago. There is no ownership conflict in this case, Your Honor. We own our copyright, and they own theirs. We sued for infringement, and if they wanted to defend against infringement, they were allowed to assert— Well, they're definitely about the same thing because that's why you're suing. But in this case, Your Honor, if mere perfect copying can convert the original author's infringement claim into a dispute over ownership in their original work, though the record is devoid of any fact that would show they don't own their 1998 original work, the entire U.S. copyright system gets turned on again. Does every infringement signal knowledge of disputed ownership? No, Your Honor, it does not. So infringement is not equal to notice of ownership? Absolutely not, Your Honor. If there is notice of infringement in this case, there is not notice in this case of an ownership dispute or any repudiation of our ownership rights and our bikini. Exactly what the November 8, 2015, post by your client is an awareness that your opponent, Ms. Irgit or Keeney, was claiming ownership of the copyright. They were claiming that it was their idea, that they were the creator. And she's saying that's not true. Not that you're copying me. If I may, Your Honor, even if – I think I see what you're saying. Even if it's true that Ms. Ferrarini was aware that they claimed to have made the identical design. Well, it didn't say that. Okay. They claimed to be the creator. You have to take what she says. Creator of their identical design. They have never claimed they designed our swimsuits. They have only claimed they designed their swimsuits. And if knowledge of that – if I may back up, Your Honor, I'm sorry.  I invented it. She's not, Your Honor. She's saying we invented ours and they invented theirs. They do not ever – It doesn't look like she's claiming – I mean, I don't know how you read it that way. Because there's not one fact of evidence in the record and nothing in the record that says we do not – they only ever talk about their article, Your Honor. So what has happened in this case is their – I say creator of bikinis. I don't know. It sounds like she's talking about the same thing and that she is aware that there is a dispute over who invented the same thing. Not you have something, I have something, they're different, and you're copying mine. And the accrual test that the district court applied in this case works when that relationship between those people who claim the same thing have a relationship to one another. Every single case that applies – Okay. That's a different argument now. One is the argument about what your client said, and another one is what you claim the cases lay out as our standard. If I may, Your Honor, it's an important point because not a single case that applies the accrual test between co-authors and co-owners applies it between strangers. No, that I understand your legal argument.  Thank you, Your Honor. Yes, thank you. I appreciate that. Why don't you just take 15 seconds to wrap up with your final point? If near-perfect copying can convert the original author's infringement claim into a dispute over ownership in their original work – and again, I submit there is no evidence in this record that disputes our ownership in our 1998 work. The entire U.S. copyright system gets turned on its head into a first-to-register system that is expressly rejected by the Constitution and the copyright statutes. Defendants did not sue us for infringement because their 2014 registration is invalid. It shows no original authorship, the very first constitutional requirement to ownership of a copyright in this country. What they have done is they have taken that registration, not shown any evidence that we do not own our copyright, and used it to manufacture an ownership dispute that does not exist. The accrual test between co-owners does not apply in this case. If defendants wish to defend themselves against infringement, they're free to allege an improved independent creation, but they cannot rely on the accrual rule for claims between alleged co-authors to shield their infringing acts. As I stand here before you, defendants can continue to sell infringing knockoffs, and under district court's ruling, such willful infringement will be allowed to continue unabated. Thank you very much. We appreciate the very helpful arguments on both sides. Thank you. You came a long way, Mr. Rutherford. Thank you. We're glad we got your admission situation straightened out, too. We're happy to welcome you to the Bar of this Court. Thank you, Your Honors. I appreciate the Court's flexibility with that. We will take the case under advisement. I approve the application. Welcome aboard.